# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM R. LOPEZ,<br><br>          Plaintiff,<br><br>    v.<br><br>ALLISON, et al.,<br><br>          Defendants. | Case No. 1:13-cv-02010-AWI-JLT (PC)<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND**<br><br>**(Doc. 15)** |

## I.     Background

Adam Lopez is a prisoner in the custody of the California Department of Corrections and Rehabilitation.  In his first amended complaint, Plaintiff claims that he was deprived of outdoor exercise for a period of 18 months due to a prison lockdown. (Doc. 15.)   He claims also that the lockdown was imposed discriminatorily so that inmates of his race were denied outdoor exercise while others of different races were not.  *Id.*  He brings these claims for violation of his Eighth and Fourteenth Amendment rights through this 42 U.S.C. § 1983 action.  Because Plaintiff's complaint fails to demonstrate the actions taken by each defendant that caused him the deprivation, the Court will **DISMISS** the complaint **WITH LEAVE TO AMEND**.

### A.     Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

1

1  Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
2  frivolous, malicious, fail to state a claim upon which relief may be granted, or that seek monetary
3  relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C.
4  § 1915(e)(2)(B)(i)-(iii).

5       **B.     Summary of the First Amended Complaint**

6       Plaintiff complains of actions which occurred at the Substance Abuse Treatment Facility
7  ("SATF") in Corcoran, California.  Plaintiff names the following as Defendants:  Warden,
8  Kathleen Allison; Associate Wardens T. Wan, A. Hernandez, and S. Sherman; C-Facility
9  Sergeant C. Garza; Lieutenants D. Goss and C. Moreno; Appeals Examiners D. Artis, and R.
10 Briggs; Chiefs of the Inmate Appeals Branch D. Foston and M. Hodges; and John Does 1 and 2.

11      Plaintiff's allegations are based on a lockdown to which he was subjected from June 21,
12 2009 through December 16, 2010 which he alleges amounted to an eighteen (18) month,
13 uninterrupted deprivation of outdoor/out-of-cell exercise and sunshine.  Plaintiff identifies his
14 first claim as a violation of his right to freedom from cruel and unusual punishment and his
15 second claim as racial discrimination.

16      Plaintiff may be able to correct the deficiencies in his pleading so as to state a cognizable
17 claim.  Thus, he is being given what appear to be the applicable standards and opportunity to file
18 a second amended complaint.

19      **C.     Pleading Requirements**

20              **1. Federal Rule of Civil Procedure 8(a)**

21      "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited
22 exceptions," none of which applies to section 1983 actions.  *Swierkiewicz v. Sorema N. A.*, 534
23 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a).  A complaint must contain "a short and plain
24 statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. Pro. 8(a).
25 "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and
26 the grounds upon which it rests."  *Swierkiewicz*, 534 U.S. at 512.

27      Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a
28 cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556

1  U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).
2  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is
3  plausible on its face.'" *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 555. Factual
4  allegations are accepted as true, but legal conclusions are not. *Iqbal.* at 678; *see also Moss v. U.S.*
5  *Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009); *Twombly*, 550 U.S. at 556-557.

6  While "plaintiffs [now] face a higher burden of pleadings facts . . . ," *Al-Kidd v. Ashcroft*,
7  580 F.3d 949, 977 (9th Cir. 2009), the pleadings of pro se prisoners are still construed liberally
8  and are afforded the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).
9  However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," *Neitze*
10  *v. Williams*, 490 U.S. 319, 330 n.9 (1989), "a liberal interpretation of a civil rights complaint may
11  not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit*
12  *Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) quoting *Ivey v. Bd. of Regents*, 673 F.2d 266,
13  268 (9th Cir. 1982), and courts are not required to indulge unwarranted inferences, *Doe I v. Wal-*
14  *Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation
15  omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and
16  "facts that are 'merely consistent with' a defendant's liability" fall short of satisfying the
17  plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949; *Moss*, 572 F.3d at 969.

18  If he chooses to file a second amended complaint, Plaintiff should endeavor to make it as
19  concise as possible and under twenty-five pages in length. Plaintiff has done a good job of
20  making his pleading legible and understandable and the format he utilized is clear and easily
21  discernable. He would do well to follow the same format if he chooses to file a second amended
22  complaint.

23  **2. Linkage Requirement**

24  The Civil Rights Act under which this action was filed provides:

25  > Every person who, under color of [state law] . . . subjects, or causes to
   > be subjected, any citizen of the United States . . . to the deprivation of
26  > any rights, privileges, or immunities secured by the Constitution . . .
   > shall be liable to the party injured in an action at law, suit in equity, or
27  > other proper proceeding for redress.

28

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

The First Amended Complaint does not link specific Defendants to his claims for deprivation of exercise and racial discrimination -- as discussed below, involvement in handling Plaintiff's 602 inmate appeals on the situation does not rise to the level of a cognizable claim. Plaintiff must clearly state which Defendant(s) he feels are responsible for each violation of his constitutional rights and their factual basis as his complaint must put each Defendant on notice of Plaintiff's claims against him or her. *See Austin v. Terhune*, 367 F.3d 1167, 1171 (9th Cir. 2004).

### 3. Federal Rule of Civil Procedure 18(a)

Fed.R.Civ.P. 18(a) states that "[a] party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees- for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) citing 28 U.S.C. § 1915(g).

The fact that claims are premised on the same type of constitutional violation(s) (i.e.

retaliation) against multiple defendants does not make them factually related. Claims are related where they are based on the same precipitating event, or a series of related events caused by the same precipitating event. Plaintiff is advised that if he chooses to file a second amended complaint, and fails to comply with Rule 18(a), all unrelated claims will be stricken.

**D.** **Claims for Relief**

**1. Exercise -- Eighth Amendment**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (citations and quotations omitted). In order to state a claim for violation of the Eighth Amendment, Plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to him. *E.g.*, *Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Thomas v. Ponder*, 611 F.3d 1144, 1151-52 (9th Cir. 2010); *Richardson v. Runnels*, 594 F.3d 666, 672 (9th Cir. 2010). Inmates have a constitutional right to exercise and the denial of out-of-cell exercise for an extended period of time is sufficiently serious to state a claim under the Eighth Amendment. *Thomas*, 611 F.3d at 1151-52. However, "a prisoner's right to outdoor exercise is neither absolute nor indefeasible in the light of prison violence." *Norwood v. Vance*, 591 F.3d 1062, 1068-69 (9th Cir. 2010).

Plaintiff alleges that "SAFTF Defendants" denied him any outdoor exercise for eighteen months straight from June 21, 2009 through December 16, 2010. (Doc. 15, p. 3.) While a deprivation of outdoor exercise for eighteen months is sufficiently serious to support a claim under the Eighth Amendment, Plaintiff does not specify any of the named Defendants who were responsible for the lockdowns and/or how their actions gave rise to the deprivation.

Plaintiff alleges that a riot occurred on June 21, 2009 that resulted in all inmates involved in the disturbance being placed in administrative segregation, but that Plaintiff was not involved and remained in the general population. (*Id.*, at p. 5.) On June 26, 2009, all C-Facility Hispanics

5

1  (including Plaintiff) were placed on lockdown/modified program pending completion of searches
2  and interviews (*id.*) and that continued through December 16, 2010 (*id.*, at p. 3). However,
3  Plaintiff does not state which Defendant placed all C-Facility Hispanics on lockdown/modified
4  program, or was responsible for continuing that programing through the time-frame in question
5  for his allegations to be linked to any of the Defendants in this action. Thus, Plaintiff's claim of
6  deprivation of outdoor exercise in violation of the Eighth Amendment is not cognizable against
7  any of the Defendants named in this action.

**2. Racial Discrimination**

"Prisoners are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974); *see also Turner v. Safley*, 482 U.S. 78, 84 (1987); *Bell v. Wolfish*, 441 U.S. 520, 545 (1979); *Serrano v. Francis*, 345 F.3d 1071, 1081-82 (9th Cir. 2003); *Johnson v. California*, 207 F.3d 650, 655 (9th Cir. 2000) (per curiam). "To state a § 1983 claim for violation of the Equal Protection Clause a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166-67 (9th Cir. 2005) (citation and quotations omitted). Racial segregation is unconstitutional within prisons "save for 'the necessities of prison security and discipline.'" *Cruz v. Beto*, 405 U.S. 319, 321 (1972) (per curiam) (quoting *Lee v. Washington*, 390 U.S. 333, 334 (1968) (per curiam)); *see Johnson v. California*, 543 U.S. 499, 512-15 (2005) (holding that strict scrutiny is the proper standard of review for a prisoner's equal protection challenge to racial classifications); *Johnson v. Avery*, 393 U.S. 483, 486 (1969).

"The first step in equal protection analysis is to identify the [defendants' asserted] classification of groups." *Id.* (quoting *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1187 (9th Cir.1995)). The groups must be comprised of similarly situated persons so that the factor motivating the alleged discrimination can be identified. *Id.* An equal protection claim will not lie by "conflating all persons not injured into a preferred class receiving better treatment" than the plaintiff. *Id.* (quoting *Joyce v. Mavromatis*, 783 F.2d 56, 57 (6th Cir.1986)).

Plaintiff alleges that he was subjected to racial discrimination because, even though he

1  was advised that he was not a risk of danger to the safety and security of the institution or inmate
2  population, along with all C-Facility Hispanics, he was subjected to the lock-down from June 21,
3  2009 through December 16, 2010 while all other (non-Hispanic) inmates were not.  (Doc. 15, pp.
4  11, 12, 17.)  Plaintiff alleges that the lockdown was "undoubtedly based on race" as "not a single
5  Hispanic was let off of lockdown" during the above time-frame.  (*Id.*, at p. 17.)

6  Plaintiff's allegation appears to state a cognizable claim.  However, as with his allegations
7  regarding deprivation of outdoor exercise, Plaintiff fails to link the discriminatory imposition of
8  the lockdown to any action taken by any of the named Defendants.   Thus, Plaintiff's claim of
9  deprivation of race discrimination in violation of his right to Equal Protection is not cognizable
10 against any of the Defendants named in this action.

11 **3.  Inmate Appeals**

12 The only allegations that Plaintiff links any Defendant to involve the processing, and
13 reviewing of his 602 inmate appeals regarding the lockdowns and concomitant lack of outdoor
14 exercise/activities.  In fact, he links the handling/processing of his 602 inmate appeals to all of the
15 named Defendants in this action.

16 The Due Process Clause protects prisoners from being deprived of liberty without due
17 process of law.  *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).  In order to state a cause of action
18 for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for
19 which the protection is sought.  "States may under certain circumstances create liberty interests
20 which are protected by the Due Process Clause."  *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995).
21 Liberty interests created by state law are generally limited to freedom from restraint which
22 "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of
23 prison life."  *Id.*

24 "[A prison] grievance procedure is a procedural right only, it does not confer any
25 substantive right upon the inmates."  *Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982)
26 *accord Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993); *see also Ramirez v. Galaza*, 334
27 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement
28 to a specific grievance procedure); *Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001)

(existence of grievance procedure confers no liberty interest on prisoner); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." *Azeez v. DeRobertis*, 568 F. Supp. at 10; *Spencer v. Moore*, 638 F. Supp. 315, 316 (E.D. Mo. 1986).

Actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a § 1983 action. *Buckley*, 997 F.2d at 495. The argument that anyone who knows about a violation of the Constitution, and fails to cure it, has violated the Constitution himself is not correct. "Only persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation." *Greeno v. Daley*, 414 F.3d 645, 656-57 (7th Cir.2005) *accord George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007); *Reed v. McBride*, 178 F.3d 849, 851-52 (7th Cir.1999); *Vance v. Peters*, 97 F.3d 987, 992-93 (7th Cir.1996). Thus, since he has neither a liberty interest, nor a substantive right in inmate appeals, Plaintiff fails, and is unable to state a cognizable claim against any of the Defendants in this action for the processing and/or reviewing of his 602 inmate appeals.

Further, to the extent that Plaintiff included the allegations regarding the handling of his inmate appeals in an attempt to show exhaustion of his administrative remedies, he is advised that failure to exhaust is an affirmative defense, to be raised by a defendant. *Jones v. Bock*, 549 U.S. 199 (2007). Arguments pertaining to the exhaustion of administrative remedies are most properly vetted when raised by the defense. Plaintiff need not, and indeed should not, include allegations regarding the handling/processing of his inmate appeals other than as directed in the space provided on the complaint form.

**4. Supervisory Liability**

Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 based on a theory of supervisory liability, Plaintiff must allege some facts that

would support a claim that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of *respondeat superior*. *Iqbal*, 556 U.S. at 677. "In a § 1983 suit or a *Bivens* action - where masters do not answer for the torts of their servants - the term 'supervisory liability' is a misnomer." *Id.* Knowledge and acquiescence of a subordinate's misconduct is insufficient to establish liability; each government official is only liable for his or her own misconduct. *Id.*

"'[B]are assertions . . . amount[ing] to nothing more than a "formulaic recitation of the elements" of a constitutional discrimination claim,' for the purposes of ruling on a motion to dismiss [and thus also for screening purposes], are not entitled to an assumption of truth." *Moss*, 572 F.3d at 969 (quoting *Iqbal*, 556 U.S. at 1951 (quoting *Twombly*, 550 U.S. at 555)). "Such allegations are not to be discounted because they are 'unrealistic or nonsensical,' but rather because they do nothing more than state a legal conclusion – even if that conclusion is cast in the form of a factual allegation." *Id.*

Thus, any allegation that supervisory personnel are somehow liable because of the acts of those under his or her supervision does not state a cognizable claim.

## II.  CONCLUSION

For the reasons set forth above, Plaintiff's First Amended Complaint is dismissed, with leave to file a second amended complaint within thirty days. If Plaintiff needs an extension of time to comply with this order, Plaintiff shall file a motion seeking an extension of time no later than thirty days from the date of service of this order.

Plaintiff must demonstrate in any second amended complaint how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227 (9th Cir. 1980). A second amended complaint must allege in specific

terms how each named defendant is involved.  There can be no liability under section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff's second amended complaint should be brief.  Fed. R. Civ. P. 8(a).  Such a short and plain statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. 127, 555 (2007) (citations omitted).

Plaintiff is further advised that an amended complaint supercedes the original, *Lacey v. Maricopa County*, Nos. 09-15806, 09-15703, 2012 WL 3711591, at *1 n.1 (9th Cir. Aug. 29, 2012) (en banc), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

The Court provides Plaintiff with opportunity to amend to cure the deficiencies identified by the Court in this order.  *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his second amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's First Amended Complaint is dismissed, with leave to amend;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Within thirty (30) days from the date of service of this order, Plaintiff must file a first amended complaint curing the deficiencies identified by the Court in this order; and

///

///

///

///

      4.      If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order and for failure to state a claim.

IT IS SO ORDERED.

Dated:   **October 16, 2014**               **/s/ Jennifer L. Thurston**
                                                          UNITED STATES MAGISTRATE JUDGE