# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM LOPEZ,<br><br>            Plaintiff,<br><br>    v.<br><br>ALLISON, et al ,<br><br>            Defendants. | 1:13-cv-02010-AWI-JLT (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER DENYING APPOINTMENT OF COUNSEL<br><br>(Doc. 24) |

Plaintiff, Adam Lopez, a state prisoner proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983. On December 9, 2013, Plaintiff filed a motion seeking the appointment of counsel. (Doc. 3.) The Court denied the motion without prejudice. (Doc. 6.) On June 18, 2015, Plaintiff filed a motion for reconsideration of the order denying his motion to appoint counsel. (Doc. 24.)

Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." *Id.* (internal quotation marks and citation omitted). Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of

the prior motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

Plaintiff has not shown any new or different facts or circumstances, newly discovered evidence, or an intervening change of law to support his motion. Plaintiff submits copies of a stipulated settlement and notice of motion for attorney's fees and expenses in a case that involved race based lockdowns and deprivation of outdoor exercise. (Doc. 24.) Plaintiff argues that these exhibits show the likelihood of success on the merits, that the case appears to have merit, his ability to investigate the facts, the import of conflicting evidence for cross-examination, his ability to present the case since he is indigent, and the complexity and difficulty of the case. (*Id.*, at p. 2.) Plaintiff argues that attorneys have successfully settled a class action involving the same claims he is presenting in this action and that one of those attorneys has detailed the difficulty and complexity of this type of cases in a document that he attaches as an exhibit. (*Id.*) Plaintiff presses that he needs the assistance of an attorney for discovery, trial preparation, and possible settlement. (*Id.*) While all of these assertions are valid, none show that the Magistrate Judge's denial without prejudice of Plaintiff's motion for counsel to be appointed was clearly erroneous.

Further, Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1), *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989), and exceptional circumstances are not present at this time for the Court to seek the voluntary assistance of counsel pursuant to section 1915(e)(1), *Rand*, 113 F.3d at 1525. Plaintiff's trepidation with pursuing this case on his own, while understandable, is not sufficient grounds for reconsideration of the Magistrate Judge's order

denying appointment of counsel without prejudice.  Further, nothing in the Magistrate Judge's order, nor this order prohibits Plaintiff from continuing to attempt to secure counsel on his own. Finally, while the Court wishes it were able to appoint counsel for all indigent *pro se* litigants who desire representation, unfortunately, there simply is a dearth of attorneys who are willing to be so appointed.

Having carefully considered this matter, the Court finds the Magistrate Judge's order denying Plaintiff's request for appointment of counsel to be supported by the record and proper analysis.

Accordingly, Plaintiff's motion for reconsideration of the Magistrate Judge's order denying Plaintiff's motion for counsel to be appointed in this case, filed June 18, 2015 (Doc. 24), is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   October 16, 2015

SENIOR  DISTRICT  JUDGE