# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM R. LOPEZ,<br><br>            Plaintiff,<br><br>   v.<br><br>ALLISON, et al.,<br><br>            Defendants. | Case No.  1:13-cv-02010-DAD-JLT (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY DEFENDANTS MOTION TO DISMISS**<br><br>**(Doc. 26)**<br><br>**21-DAY DEADLINE** |

In this action, Plaintiff claims he suffered cruel and unusual punishment in violation of the Eighth Amendment and for racial discrimination based on race in violation of the Equal Protection Clause of the Fourteenth Amendment based on lockdown/modified programming that occurred at the California Substance Abuse Treatment Facility ("SATF") after to a June 2009 riot. Defendants filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) arguing that Plaintiff is collaterally estopped from bringing this action and that his claims are precluded by a summary judgment ruling in the case of *Martinez v. Allison, et al.,* 1:11-cv-00293-LJO-DLB.  In that case, the Court determined that the involved individuals were entitled to the protection of qualified immunity regarding the same instance of lockdown/modified programming.  (Doc. 26.) Because Defendants  fail to show there is privity between Plaintiff and the plaintiff in *Martinez,* Defendants' motion to dismiss must be **DENIED** without prejudice.

///

I.     **Legal Standard for Motions Under Rule 12(b)(6)**

Defendants seek dismissal of this action under Rule 12(b)(6) on the ground that it is barred by the doctrine of claim preclusion, or *res judicata*. Fed. R. Civ. P. 8(c); *Holcombe v. Hosmer*, 477 F.3d 1094, 1096-97 (9th Cir. 2007); *Stewart v. U.S. Bancorp*, 297 F.3d 953, 955-56 (9th Cir. 2002); *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984) (per curiam). A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quotation marks and citations omitted). In resolving a 12(b)(6) motion, a court's review is generally limited to the operative pleading. *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010); *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007); *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 1003-04 (9th Cir. 2006); *Schneider v. California Dept. of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). However, courts may properly consider matters subject to judicial notice without converting the motion to dismiss to one for summary judgment. *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012); *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Further, a court may take judicial notice of its own records, both *sua sponte* and pursuant to a party's request. Fed. R. Evid. 201; *Harris*, 682 F.3d at 1131-32.

A.     **Summary of Parties' Positions**

Defendants move to dismiss this action on the ground that it is barred by the doctrines of collateral estoppel or *res judicata* -- which bar the re-litigation of claims and issues previously decided on their merits. *Headwaters, Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1051 (9th Cir. 2005). Defendants contend that Plaintiff is precluded from pursuing this action based on the rulings in *Martinez v. Allison, et al.,* 1:11-cv-00293-LJO-DLB.[1]

In his opposition, Plaintiff reiterates most of his allegations from the Second Amended Complaint and argues that he was subjected to the lockdown from June of 2009 through December 16, 2010 while Martinez's lockdown ended on October 13, 2010 when he was

---

[1] This case will hereinafter be referred to in italics as "*Martinez*," while the Plaintiff from that action will hereinafter be referred to in regular font as "Martinez."

transferred to another facility.

Defendants reply that the difference in the duration of the lockdown is inconsequential because the Court ruled that Defendants were entitled to qualified immunity as to the duration of the lockdown since the law was unclear. Defendants ask the Court to take judicial notice of the ruling in *Martinez* and based, thereon, argue that the matter should be dismissed.

## II. Claim/Issue Preclusion -- *Res Judicata*

Claim preclusion bars litigation of claims that were or could have been raised in a prior action, *Holcombe v. Hosmer*, 477 F.3d 1094, 1097 (9th Cir. 2007) (quotation marks omitted), and "requires three things: (1) identity of claims; (2) a final judgment on the merits; and (3) the same parties, or privity between parties," *Harris v. County of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (citing *Cell Therapeutics, Inc. v. Lash Grp., Inc.,* 586 F.3d 1204, 1212 (9th Cir. 2010)).

### A. Identity of Claims

In deciding whether there is an identity of claims, courts are to apply four criteria: "'(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.'" *Harris*, 682 F.3d at 1132 (quoting *United States v. Liquidators of European Fed. Credit Bank*, 630 F.3d 1139, 1150 (9th Cir. 2011)). "The fourth criterion - the same transactional nucleus of facts - is the most important." *Liquidators of European Fed. Credit Bank*, 630 F.3d at 1151.

"Whether two suits arise out of the same transactional nucleus depends upon whether they are related to the same set of facts and whether they could conveniently be tried together," *Turtle Island Restoration Network v. U.S. Dep't of State*, 673 F.3d 914, 918 (9th Cir. 2012) (citing *ProShipLine Inc. v. Aspen Infrastructures Ltd.*, 609 F.3d 960, 968 (9th Cir. 2010)) (internal quotation marks omitted). In most cases, "the inquiry into the 'same transactional nucleus of facts' is essentially the same as whether the claim could have been brought in the first action." *Liquidators of European Fed. Credit Bank*, 630 F.3d at 1151. A plaintiff need not bring every possible claim, but where claims arise from the same factual circumstances, the plaintiff must

bring all related claims together or forfeit the opportunity to bring any omitted claim in a subsequent proceeding. *Id.* (quotation marks omitted).

Defendants present the following similarities between Plaintiff's complaint and the operative pleading in *Martinez*:

- Both cases involve Eighth Amendment and Equal Protection Claims. (Doc. 21, 1:20-27; *Martinez v. Allison, et al.*, 1:11-cv-00293 (E.D. Cal. Aug. 11, 2014), Doc. 10, 8:24-9:5 and Doc. 12.)
- Both cases were brought by SATF inmates. (Doc. 20 at 5, ¶ 1; *Martinez v. Allison, et al.*, 1:11-cv-00293 (E.D. Cal. Aug. 11, 2014), Doc. 9 at 5, ¶ 1.)
- Both plaintiffs were housed in C Facility, block C-2. (Doc. 1 at 5, ¶ 1; *Martinez v. Allison, et al.*, 1:11-cv-00293 (E.D. Cal. Aug. 11, 2014), Doc. 9 at 5, ¶ 1.)
- Both plaintiffs were classified by prison officials as southern Hispanics. (Doc. 1 at 6, ¶ 5; *Martinez v. Allison, et al.*, 1:11-cv-00293 (E.D. Cal. Aug. 11, 2014), Doc. 9 at 6, ¶ 5.)
- Both cases name the SATF Wardens K. Allison and K. Clark as defendants. (Doc. 20 at 2-3, ¶ A, B; *Martinez v. Allison, et al.*, 1:11-cv-00293 (E.D. Cal. Aug. 11, 2014), Doc. 9 at 3.)
- Both cases arose from a June 2009 riot and subsequent lockdown/modified program which applied to Hispanic inmates. (Doc. 20 at 5, ¶ 1, Doc. 1 at 6, ¶ 5; *Martinez v. Allison, et al.*, 1:11-cv-00293 (E.D. Cal. Aug. 11, 2014), Doc. 9 at 6, ¶ 5.)

(Doc. 26, 6:26-7:21.) For the sake of argument, but without making a specific finding, it appears that Plaintiff's and Martinez's claims are based on the same transactional nucleus of facts.

### B. **Final Judgment on the Merits**

In *Martinez*, the Court determined the defendants were entitled to qualified immunity and awarded judgment in their favor. (*Martinez v. Allison, et al.,* 1:11-cv-00293-LJO-DLB, Doc. 93) This is a final judgment on the merits of the claims for purposes of *res judicata/*collateral

4

estoppel. *See Hells Canyon Preservation Council v. U.S. Forest Service*, 403 F.3d 683, 686 (2005).

### C. Privity/Parties

Parties are in privity when a party to latter litigation is "so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter involved." *Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1052–53 (9th Cir.2005) (citation omitted). The concept was traditionally limited to certain "legal relationships in which two parties have identical or transferred rights with respect to a particular legal interest," such as co-owners of property, decedents and heirs, joint obligees, etc. *Id.* at 1053. However, it also includes almost any relationship in which "there is 'substantial identity' between parties, that is, when there is sufficient commonality of interest. . . . [P]rivity is a flexible concept dependent on the particular relationship between the parties in each individual set of cases[.]" *Tahoe-Sierra Preservation Council, Inc. v. Tahoe Regional Planning Agency,* 322 F.3d 1064, 1081-82 (9th Cir. 2003) (citations and quotations omitted).

In *Headwaters*, the Ninth Circuit stated:

> *Irwin v. Mascott*, 370 F.3d 924 (9th Cir.2004), recently summarized the amalgam of circumstances, broader than traditional privity relationships, that have been referred to in our cases as virtual representation. A non-party can be bound by the litigation choices made by his virtual representative, only if certain criteria are met: A close relationship, substantial participation, and tactical maneuvering all support a finding of virtual representation; identity of interests and adequate representation are necessary to such a finding.

*Headwaters*, 399 F.3d at 1053-54 (internal citations and quotations omitted). The Ninth Circuit held further that "**parallel legal interests alone, identical or otherwise, are not sufficient to establish privity, or to bind a plaintiff to a decision reached in another case involving another plaintiff.**" *Id.* (emphasis added) citing *Favish v. Office of Indep. Counsel*, 217 F.3d 1168, 1171 (9th Cir.2000) (refusing to find privity where the former and present litigants shared only "an abstract interest in enforcement" of the same legal requirement) (quoting *United States v. ITT Rayonier, Inc.*, 627 F.2d 996, 1003 (9th Cir.1980)); *see also Tice v. Am. Airlines, Inc.,* 162 F.3d 966, 971 (7th Cir.1998).

Further, "adequate representation is a due process prerequisite to precluding a litigant from his day in court if he was not a party to the earlier litigation." *Headwaters,* 399 F.3d at 1054, citing *Richards v Jefferson County, Ala.,* 517 U.S. 793, 800-01, 116 S.Ct. 1761 (1996). Defendants did not address this element for determining privity[2] and the Court is hard-pressed to imagine a circumstance where a *pro se* inmate would be found to provide adequate representation to claims raised by another *pro se* inmate -- even where, as here, they are based on extremely similar, if not identical, factual allegations. Thus, Defendants have failed to establish privity exists between Plaintiff and Martinez for purposes of precluding this action.

### III. Conclusion and Recommendation

The Court finds that Defendants have not established that the judgment in *Martinez v. Allison, et al.*, case number 1:11-cv-00293-LJO-DLB, bars Plaintiff from pursuing his claims in this action. Accordingly, the Court recommends:

1. That Defendants' motion to dismiss (Doc. 26) be **DENIED**[3];

2. That Defendants be directed to file an answer to the second amended complaint within 21 days of the Court adopting these findings and recommendations.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within 21 days**, the parties may file written objections with the Court. Local Rule 304(b). The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **January 27, 2016**              /s/ Jennifer L. Thurston
                                            UNITED STATES MAGISTRATE JUDGE

---

[2] Defendants cited the *Headwaters'* elements for identifying similarity of claims but failed to address the factors *Headwaters* set forth for establishing privity. (*See* Doc. 26, 8:1-10:1.)

[3] This ruling does not preclude Defendants from filing a future dispositive motion raising qualified immunity.