UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH DUANE ARLINE, JR., <br><br> Plaintiff, <br><br> v. <br><br> KEN CLARK, et al., <br><br> Defendants. | Case No.: 1:11-cv-00420-LJO-SAB (PC) <br><br> ORDER DENYING DEFENDANTS' MOTION FOR CONSOLIDATION, RELATING THE INSTANT CASE WITH 1:13-cv-02010-DAD-SAB (PC), AND DENYING DEFENDANTS' MOTION TO STAY PROCEEDINGS <br><br> [ECF No. 51] |

Plaintiff Keith Duane Arline, Jr. is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.**

**RELEVANT HISTORY**

This action is proceeding against Defendants Allison, Goss and Wan for the denial of adequate outdoor exercise in violation of the Eighth Amendment.

Defendants filed an answer to the complaint on March 5, 2015.  (ECF No. 42.)  On March 10, 2015, the Court issued the discovery and scheduling order.  (ECF No. 43.)

After receiving an extension of time, Defendants filed a motion for judgment on the pleadings and request for judicial notice on January 25, 2016.  (ECF Nos. 45, 46.)  Plaintiff filed an opposition on March 28, 2016.  (ECF No. 50.)  On May 4, 2016, the undersigned issued Findings and Recommendations recommending that Defendants' motion for judgment on the pleadings be denied.

(ECF No. 52.) The Findings and Recommendations were adopted in full on June 13, 2016. (ECF No. 54.)

Previously on April 12, 2016, Defendants filed a motion for consolidation and stay of the proceedings pending the appeal in case number Martinez v. Allison, et.al., 1:11-cv-00293-LJO-DLB. (ECF No. 16.) Plaintiff has not filed an opposition, and the motion is therefore submitted for review without oral argument. Local Rule 230(*l*). For the following reasons, the Court grants Defendants' motion for consolidation and denies the request to stay the proceedings.

## II.

## DISCUSSION

### A. Motion for Consolidation/Relation of Cases

Defendants submit that three cases are currently pending in this Court, relating to a race-based lockdown at the Substance Abuse Treatment Facility and State Prison, Corcoran ("SATF") which commenced June 2009 after a large-scale prison riot: Martinez v. Allison, et.al., 1:11-cv-00293-LJO-DLB (PC) (E.D. Cal. Aug. 11, 2014); Arline v. Clark, et.al., 1:11-cv-00420-LJO-SAB (PC) (E.D. Cal. Mar. 11, 2011); and Lopez v. Allison, et.al., 1:13-cv-02010-DAD-JLT (PC) (E.D. Cal. Dec. 19, 2013). This action (Arline) and the Lopez action are still pending before the Court. Defendants argue "[t]he commonality of these action is patent and Defendants request consolidation under Federal Rule of Civil Procedure 42(a) to avoid inconsistent findings and to save the Court and parties' litigation resources. Defendants also request that the actions be stayed pending disposition of the Martinez appeal, as it is anticipated that the Ninth Circuit will a decision clarifying the applicable constitutional standards that control this case." (Mot. at 3:11-16, ECF No. 51.) Plaintiff filed motions for consolidation in all of the above-mentioned actions. In Martinez v. Allison, et.al., 1:11-cv-00293-LJO- DLB (PC), the motion was denied, without prejudice, for lack of jurisdiction on April 19, 2016. (See ECF No. 106.) On April 21, 2016, Defendants filed a motion for reconsideration of the April 19, 2016, order which is pending review. (ECF No. 107.)

Federal Rule of Civil Procedure 42 provides that "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions. . . ." Fed. R. Civ. P. 42 (a)(2). "The district court has broad discretion under this rule to consolidate cases pending in the same

1   district." Investors Research Co. V. U.S. Dist. Court for Cent. Dist. of California, 877 F.2d 777 (9th
2   Cir. 1989).

    Pursuant to Local Rule 123, actions are related if:

    (1) both actions involve the same parties and are based on the same or a similar claim;

    (2) both actions involve the same property, transaction, or event;

    (3) both actions involve similar questions of fact and the same question of law and their assignment to the same Judge or Magistrate Judge is likely to effect a substantial savings of judicial effort, either because the same result should follow in both actions or otherwise; or

    (4) for any other reasons, it would entail substantial duplication of labor if the actions were heard by different Judges or Magistrate Judges.

Local Rule 123(a)(1)-4).

The instant action was commenced on March 11, 2011.  Plaintiff alleges a claim for cruel and unusual punishment or deprivation of outdoor exercise while he was confined at SATF during a lockdown beginning in June 2009.  Lopez v. Allison, 1:13-cv-02010-DAD-JLT (PC) was commenced on December 19, 2013.  The Plaintiff (Lopez) was also an inmate confined at SATF and subject to a lockdown which began in June 2009.  Plaintiff (Lopez) contends he suffered cruel and unusual punishment and racial discrimination based on the lockdown/modified programming at SATF after riot in June 2009.

While consolidation of these two actions may be appropriate under certain circumstances, the Court finds relation of the two cases to be better suited for relation given that both plaintiffs are incarcerated and proceeding pro se.  An examination of the two actions, Arline v. Clark, 1:11-cv-00420-LJO-SAB (PC) and Lopez v. Allison, 1:13-cv-02010-DAD-JLT (PC), reveals that these actions are related within the meaning of Local Rule 123(a).  The actions involve the same defendants and involve the same or related claims and defenses, as well as similar questions of fact that would therefore entail a substantial duplication of labor if heard by different judges.  A discovery and scheduling order have been issued in both cases, and the deadline for discovery in the instant action expired on November 10, 2015, and discovery in 1:13-cv02010-DAD-SAB (PC) is set to expire on November 29, 2016.  The Court finds that relation of the two cases will effectively serve the same

purpose as consolidation for Defendants, but will allow each Plaintiff to separately prosecute their case to resolution. Accordingly, assignment of the matters to the same district and magistrate judges is likely to effect a substantial savings of judicial effort and is also likely to be convenient to the parties. Thus, the Court will relate, but not consolidate the two actions.

**B.     Motion to Stay Proceedings**

Defendants move to stay the proceedings pending the appeal in Martinez v. Allison, et.al., 11-cv-00293, which may possibly elucidate the constitutional standards applicable to the three actions.

Even if the ruling in the Martinez is affirmed on appeal, Defendants are nonetheless required to litigate and brief the issues present in the two (now consolidated) actions to final resolution, as there is no res judicata effect from the Martinez ruling. Accordingly, Defendants' request to stay the proceedings shall be denied.

## III.

## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Defendants' motion to consolidate Lopez v. Allison, et.al., 1:13-cv-02010-DAD-JLT (PC) with Arline v. Clark, et.al., 1:11-cv-00420-LJO-SAB (PC) is DENIED;

2. As set forth above, it is ordered that action Lopez v. Allison, 1:13-cv02010-DAD-SAB (PC), is reassigned to District Judge Lawrence J. O'Neill and Magistrate Judge Stanley A. Boone for all further proceeding and all pending dates remain in full force and effect, but the caption on documents filed in the reassigned case shall be 1:13-cv-02010-LJO-SAB (PC);

3. Defendants' request to stay the proceedings is DENIED; and

4. Pursuant to Local Rule 302, this matter is referred back to Magistrate Judge Stanley A. Boone for further proceedings.

IT IS SO ORDERED.

Dated:   **June 20, 2016**              /s/ Lawrence J. O'Neill
                                              UNITED STATES CHIEF DISTRICT JUDGE

5.

4